IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>J. WILBER, ET AL.,<br><br>　　　　Defendants.<br>_____/ | 1:08-cv-00351-LJO-DLB (PC)<br><br>ORDER STRIKING UNSIGNED MOTION<br>( #13) |

　　　On January 13, 2009 , plaintiff filed an unsigned  motion seeking the appointment of counsel.  The Court cannot consider unsigned filings. Local Rule 7-131; Fed. R. Civ. P. 11(a). Accordingly, the unsigned motion is HEREBY ORDERED STRICKEN from the record.

　　　Even if the Court were able to consider Plaintiff's motion, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1 "exceptional circumstances exist, the district court must evaluate both the likelihood of success
2 of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
3 complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

   IT IS SO ORDERED.

   Dated: **January 21, 2009**            /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE