**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY JAMES, | CASE NO. 1:08-cv-00351-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| J. WILBER, et al., | (Docs. 10, 11) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.   Findings and Recommendations Following Screening of Amended Complaint**

Plaintiff Ricky James ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on March 12, 2008. (Doc. 1.)

On December 16, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants J. Wilber, Siene, and Johnson for violating Plaintiff's Eighth Amendment rights. However, the Court found that Plaintiff's allegations do not give rise to any claims for relief against defendants J. Jones, N. Grannis, W. J. McGuinneses, M. Hodges-Wilkins, and D. Adams. The Court ordered Plaintiff to either file an amended complaint or notify the Court that he wishes to proceed only on his cognizable Eighth Amendment claims. On January 13, 2009, Plaintiff notified the Court that he does not wish to amend and wishes to proceed only on his cognizable Eighth Amendment claims. Based on Plaintiff's notice, the instant Findings and Recommendations now issues.

//

1

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Summary of Plaintiff's Complaint

Plaintiff is currently a state prisoner at Pelican Bay State Prison in Crescent City, California. Plaintiff was formerly imprisoned at Corcoran State Prison ("CSP"), where the acts he complains of occurred. Plaintiff names as defendants: J. Wilber, dentist at CSP; Siene, an MTA at CSP; Johnson, an RN at CSP; J. Jones, CCII/Appeals Coordinator at CSP; N. Grannis, Chief Inmate Appeals Branch of CDCR; W. J. McGuinness, M.D. and Chief Medical Officer of CSP; M. Hodges-Wilkins, facility captain and appeal reviewer at CSP; and D. Adams, acting Warden at CSP.

Plaintiff alleges the following. On June 11, 2006, Plaintiff submitted an emergency dental request to defendant Siene. Plaintiff had an abscessed tooth that gave him severe pain, as well as broken dentures that inhibited his ability to eat food. Siene refused to allow Plaintiff access to the dental staff because Plaintiff's face was not swollen and thus it was not an emergency. Siene stated that he would receive some medical prescription for the pain, but never did. On July 10, 2006, Plaintiff filed an inmate appeal as an emergency dental request. On July 11, 2006, Plaintiff's appeal was granted, and on July 17, 2007, Plaintiff was ducated and escorted to see defendant J. Wilbur. Wilbur confirmed the abscess and broken dentures. He removed Plaintiff's last upper tooth, making chewing food very difficult if not impossible. Wilbur told Plaintiff he would call him back the next day for a repair of his dentures. Wilbur failed to

2

1 prescribe anti-biotics, pain medication, or a soft food diet request.  (Doc 1., pp. 5-6.)

2       Plaintiff filed an emergency appeal on July 24, 2006, and July 28, 2006.  Plaintiff
3 received a partial grant of his appeal, and was seen on August 9, 2006.  Wilbur removed one of
4 Plaintiff's lower teeth, but could not prescribe a nutritional supplement diet, since only the
5 medical department could do so.  Wilbur still failed to fix Plaintiff's denture, stating that an
6 institution policy would prevent Plaintiff from having two sets of dentures, and that Wilbur did
7 not feel like finding the repair kit.  On August 11, 2006, Plaintiff was seen by defendant Johnson
8 regarding Plaintiff's dietary food request.  Johnson refused to grant the request and never
9 examined Plaintiff's gums.  (Doc. 1, pp. 7-12.)

10       Plaintiff received a full grant of one of his appeals, requiring that Plaintiff receive a food
11 or nutritional substitute until he can eat properly.  Plaintiff was seen by Wilbur on August 16,
12 2006, who still refused to repair Plaintiff's dentures.  Wilbur did tell Johnson of Plaintiff's need
13 for a dietary supplement, but Johnson continued to deny Plaintiff's request.  Plaintiff eventually
14 received Nutrin supplement drinks on August 26, 2006.  However, this was discontinued on
15 September 20, 2006, twenty five days later, despite nothing else being done to assist Plaintiff's
16 dental issues.  Defendant Siene refused to comply with the doctor's orders on ten of those days.
17 On October 2, 2006, Plaintiff filed an appeal regarding the denial of these Nutrin supplements,
18 one of which was denied by defendant J. Jones as a duplicate of another appeal.  Defendant
19 McGuiness partially granted one of Plaintiff's appeals, but failed to address the continued non-
20 compliance by medical staff.  Defendants Grannis and Hodges-Wilkins affirmed McGuiness's
21 appeal response, and failed to address non-compliance by medical staff.  (Doc. 1, pp. 12-19.)

22       Plaintiff alleges a violation of the Eighth Amendment and the Due Process Clause, as
23 well as state law claim of malpractice.  Plaintiff requests injunctive relief, monetary damages,
24 and an attorney

25     **C.**    **Pleading Requirements**

26         **1.** *Federal Rule of Civil Procedure 8(a)*

27 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

28

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. **Plaintiff's Claims**

#### 1. *Eighth Amendment - Medical Conditions*

Plaintiff alleges that defendants Wilber, Siene, Johnson, Jones, Grannis, McGuinness, Hodges-Wilkins, and Adams violated Plaintiff's Eighth Amendment rights regarding treatment of Plaintiff's dental and dietary needs. (Doc. 1, pp. 21-25.) A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second,

the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff's allegations are sufficient to state a cognizable Eighth Amendment claim against Wilber, Siene, and Johnson for deliberate indifference to Plaintiff's serious medical needs.

However, Plaintiff fails to state a claim against Jones, McGuinness, Hodges-Wilkins, and Adams. Plaintiff fails to allege how these latter four defendants knew of and disregarded an excessive risk to Plaintiff's health. Knowledge by reason of inmate appeal is not sufficient. Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or

contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

### 2. *Due Process and Inmate Appeals*

Plaintiff alleges that Jones, Grannis, McGuinness, and Hodges-Wilkins violated Plaintiff's due process through their review of Plaintiff's inmate appeals. (Doc. 1, pp. 23-24.) The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). As stated previously, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has no liberty interest in the processing of inmate appeals, and because

merely ruling adversely against an inmate's appeal is not a basis for § 1983 liability, Plaintiff fails to state a cognizable claim against Jones, Grannis, McGuinness, and Hodges-Wilkins.

### 3.  *Supervisory Liability*

Plaintiff has named Warden Adams and Chief Medical Officer McGuinness as defendants, each of whom holds a supervisory position.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff has alleged no facts indicating that defendants Adams or McGuinness personally participated in the alleged deprivation, knew of the violations and failed to act to prevent them, or promulgated or "implemented a policy so deficient" that it is a repudiation of constitutional rights.  Hansen, 885 F.2d at 646.  Plaintiff thus fails to state a cognizable claim against Adams and McGuinness.

### 4.    *State Law Claims*

Plaintiff alleges medical malpractice by Wilber, Siene, and Johnson.  (Doc. 1, pp. 21-22.)  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

8

discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

## II. Conclusion

Plaintiff has stated a cognizable claim against defendants J. Wilber, Siene, and Johnson for deliberate indifference to a serious medical need, but states no cognizable claims against defendants J. Jones, N. Grannis, W. J. McGuinness, M. Hodges-Wilkins, and D. Adams. The Court provided Plaintiff with the opportunity to file an amended complaint but Plaintiff opted to proceed on the claims found to be cognizable by the Court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Wilber, Siene, and Johnson on Plaintiff's Eighth Amendment claims; and

2. Defendants J. Jones, N. Grannis, W. J. McGuinness, M. Hodges-Wilkins, and D. Adams be dismissed from this action for Plaintiff's failure to state any claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 3, 2009**          /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE