# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES, | Case No. 1:08-cv-00351-DLB (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND DISMISSING CERTAIN CLAIMS |
| v. | |
| J. WILBER, et al., | |
| Defendants. | (Doc. 27) |

**I.   Order**

    **A.   Procedural History**

Plaintiff Ricky W. James ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint against Defendants Siene, J. Wilbur, and Johnson ("Defendants") for deliberate indifference to a serious medical need in violation of the Eighth Amendment, and state law claims.[1]  On May 4, 2009, Defendants filed a motion to dismiss certain claims for failure to state a claim upon which relief may be granted.  (Doc. 27, Defs.' Mot. To Dismiss.)  On May 22,

---

[1] Defendant Siene is referred to as Mary Saenz in Defendants' motion.  The Court shall retain "Siene" as the spelling of Defendant's name.  The Court will use the correct spelling of Defendant Wilbur's name throughout this order.
    All other claims and defendants were dismissed from this action for failure to state a claim upon which relief may be granted.  (Docs. 17, 22.)

1

2009, Plaintiff filed his opposition to Defendants' motion.  (Doc. 31, Pl.'s Opp'n.)  Defendants did not file a reply.  The matter is deemed submitted pursuant to Local Rule 78-230(m).

**B.** **Summary of Plaintiff's Complaint**

Plaintiff alleges that while housed at California State Prison at Corcoran ("CSP-Corcoran"), Plaintiff did not receive adequate dental care.  Plaintiff alleges that on June 11, 2006, he submitted an emergency dental request to Defendant Siene, an MTA, for extraction of an abscessed tooth and repair of his dentures.  Defendant Siene refused to allow Plaintiff access to the dental staff because Plaintiff's face was not swollen, and thus it was not an emergency. Plaintiff alleges that on July 17, 2006, he was seen by Defendant Wilbur, a dentist, who removed the abscessed tooth, but failed to prescribe antibiotics, pain medication, a soft food diet, or repair Plaintiff's dentures.  Plaintiff alleges that he was seen again on August 9, 2006 by Defendant Wilbur who again failed to fix Plaintiff's dentures.  Defendant Wilbur allegedly informed Plaintiff that only the medical department could prescribe a soft food diet.  Plaintiff alleges that on August 11, 2006, he was seen by Defendant Johnson, a RN, who refused to grant the request and never examined Plaintiff's gums.  Plaintiff alleges that Defendants Wilbur, Siene, and Johnson failed to provide Plaintiff with the appropriate soft diet and failed to repair his dentures after the extraction of Plaintiff's teeth.  Plaintiff seeks as relief compensatory damages, punitive damages, and injunctive relief, "ordering Corcoran to update their medical procedures and medical staff to comply with and perform all duties prescribed."  (Pl.'s Compl.)

**C.** **Failure To State A Claim Upon Which Relief May Be Granted**

*1.* *Legal Standard*

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

(2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to § 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002), overruled in part on other grounds by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); see Fed. R. Civ. P. 8(a).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  Id. at 1949.

Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512.  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001)) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'").

### 2. *State Law Claims*

Defendants contend that Plaintiff failed to comply with California's Torts Claims Act and failed to plead compliance.  (Doc. 27, Defs.' Mot. To Dismiss 4:22-27.)  California's Torts Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009).  Presentation of a written claim, and action on

3

or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal. 4th 1234, 1245, 90 P.3d 116, 124, 13 Cal. Rptr. 3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Torts Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal. Rptr. 3d at 543; Mangold, 67 F.3d at 1477; see Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988) (holding pendent state law tort claims are barred for non-compliance with the Torts Claims Act). Defendants submit a declaration by James Reinmiller, the custodian of records for the California Victims Compensation and Government Claims Board, which indicated that Plaintiff has not submitted any claims for events between June 11, 2006 through April 1, 2009.  (Doc. 29, Reinmiller Decl. ¶¶ 5-6.)  Defendants contend that Plaintiff failed to submit an government tort claims with the Board.

Plaintiff fails to contest Defendants' argument in his opposition.[2]  Defendants thus have demonstrated that Plaintiff failed to comply with the Tort Claims Act.  Non-compliance with California's Torts Claims Act requires the dismissal of Plaintiff's state law claims.  Karim-Panahi, 839 F.2d at 627.  Accordingly, Plaintiff's state law claims are dismissed from this action.

### 3.    *Injunctive Relief*

Defendants contend that Plaintiff's request for injunctive relief should be dismissed because it falls within two pending class actions in which Plaintiff is a member: (1) Plata v. Schwarzenegger, No. C-01-1351-THE (N.D. Cal.) (class action concerning medical care for CDCR inmates) and (2) Perez v. Schwarzenegger, No. C-05-05241-JSW (N.D. Cal.) (class action concerning dental care for CDCR inmates). (Doc. 27, Defs.' Mot. To Dismiss 5:16-20.)

Plaintiff contends that he is not a member of the Plata class, but rather a member of the Madrid v. Gomez, 889 F. Supp. 1146 (N.D. Cal. 1995), class, which governs medical treatment for prisoners who are, or will be, incarcerated at Pelican Bay State Prison ("PBSP").  (Doc. 31,

---

[2] Plaintiff submits evidence that he had exhausted administrative remedies using the inmate grievance process for his § 1983 claims.  However, Defendants are not contesting the exhaustion of Plaintiff's § 1983 claims, but his state court claims.

4

Pl.'s Opp'n 6.)  Plaintiff is currently incarcerated at PBSP.

The Court takes judicial notice that in <u>Plata</u>, the June 13, 2002 Stipulation for Injunctive Relief states that the class "consists of all prisoners in the custody of the CDC[R] with serious medical needs, except those incarcerated at Pelican Bay State Prison."  (Doc. 29, Exh. A, ¶ 8.)[3] The Stipulation directs class members "with complaints regarding medical care" to first exhaust the inmate grievance procedure and then "bring the medical care concern to the attention of defense counsel, who shall respond in writing within 30 days."  (Doc. 29, Exh. A, ¶ 7.)

The Court also takes judicial notice that the <u>Madrid</u> class consists of all prisoners who are, or will be, incarcerated by the State of California Department of Corrections [and Rehabilitation] at Pelican Bay State Prison.  <u>Madrid</u>, 889 F. Supp. at 1155.  The <u>Madrid</u> class action concerns the constitutionality of conditions and practices at PBSP.  <u>Id.</u>[4]

The Court also takes judicial notice that in <u>Perez</u>, the April 28, 2006 Stipulation and Order states that the class is "California state prisoners who have serious dental care needs." (Doc. 29, Exh. B, ¶ 1.)  The Stipulation directs class members with "complaints regarding dental care" to first exhaust the inmate grievance procedure, and afterwards, "[class] counsel may bring the dental care concern to the attention of appropriate headquarters staff, who shall respond in writing within 30 days." (Doc. 29, Exh. B, ¶ 17.)

Plaintiff's contention that he is a member of the <u>Madrid</u> class is incorrect. Plaintiff submits evidence that he was previously incarcerated at PBSP.  (Doc. 31, Exh. B.)   However, Plaintiff's prior and current incarceration at PBSP does not affect Plaintiff's class action status. His claims for injunctive relief stem from events which allegedly occurred while incarcerated at Corcoran State Prison.  Plaintiff's requested relief is for an injunction "ordering Corcoran to update their medical procedures and medical staff to comply with and perform all duties prescribed."  (Doc. 1, Pl.'s Compl. 26.)  This does not concern conditions or practices at PBSP.

---

[3]  The Court grants Defendants' request for judicial notice of the Stipulation for Injunctive Relief pursuant to Federal Rules of Evidence 201.  (Doc. 28.)

[4]  The Court grants Plaintiff's request for judicial notice of <u>Madrid v. Gomez</u>, 889 F. Supp. 1146 (N.D. Cal. 1995) pursuant to Federal Rules of Evidence 201.  The Court declines to take judicial notice of Plaintiff's other exhibits.

1  Thus, Plaintiff's claims for injunctive relief are subsumed within the Plata class action.

2  Plaintiff is also a member of the Perez class action. Plaintiff contends that because his
3  claims arose on June 11, 2006, prior to the Perez stipulation, he is not a member of the Perez
4  class. (Pl.'s Opp'n 7.) This contention is incorrect. Plaintiff is a California state prisoner with
5  serious dental needs, which makes Plaintiff a member of the Perez class action.

6  A plaintiff who is a member of a class action for equitable relief from prison conditions
7  may not maintain a separate, individual suit for equitable relief involving the same subject matter
8  of the class action. See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil
9  v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable
10 relief from unconstitutional prison conditions cannot be brought where there is an existing class
11 action"); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("To allow
12 individual suits would interfere with the orderly administration of the class action and risk
13 inconsistent adjudications."). Accordingly, Plaintiff's requested injunctive relief is dismissed
14 from this action.

**II.     Conclusion and Order**

Based on the foregoing, the Court HEREBY ORDERS that:

1) Defendants' motion to dismiss, filed on May 4, 2009, is GRANTED IN PART;
2) Plaintiff's state law claims are dismissed;
3) Plaintiff's request for injunctive relief is dismissed; and
4) This action proceed against Defendants J. Wilbur, Siene, and Johnson on Plaintiff's § 1983 claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated:   October 13, 2009         /s/ Dennis L. Beck
                                  UNITED STATES MAGISTRATE JUDGE