# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES,<br><br>    Plaintiff,<br><br> v.<br><br>J. WILBER, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:08-cv-00351-DLB (PC)<br><br>ORDER GRANTING REQUEST FOR ENTRY OF DEFAULT AND DENYING REQUEST FOR DEFAULT JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. 45) |

  Plaintiff Ricky James ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against defendants J. Wilbur, Siene, and Johnson ("Defendants") for violation of the Eighth Amendment. This action was reassigned to the undersigned on October 8, 2009. (Doc. 41.) On November 16, 2009, Plaintiff filed a "request for entry of default with the clerk of court and simultaneously move for contempt." (Doc. 45.)

  All three defendants submitted waivers of service, and agreed to submit answers to Plaintiff's complaint by June 12, 2009. (Docs. 24, 25, 26.) On May 4, 2009, Defendants filed a motion to dismiss in part for failure to state a claim upon which relief may be granted. (Doc. 27.) While this was a defense to the complaint, it is not a responsive pleading as defined in Rule 7(a). Service of a motion postpones the filing of a responsive pleading to within ten (10) days after

notice of the court's action. See Fed. R. Civ. P. 12(a)(4).[1] The Court issued its order regarding Defendants' motion to dismiss on October 14, 2009, granting Defendants' motion to dismiss in part. (Doc. 42.) More than ten days have passed since the issuance of that order. As of the date of service of this order, Defendants have failed to file a responsive pleading. Pursuant to Federal Rule of Civil Procedure 55(a), default may be entered against a party that fails to plead or otherwise defend within the time set forth in the Federal Rules. Accordingly, Plaintiff's request for entry of default is granted.

Plaintiff simultaneously moves for a finding of contempt against Defendants and seeks an award of damages. The Court construes this as a request for entry of default judgment.[2] With regard to Plaintiff's request for default judgment, Plaintiff is advised that he may not simply demand that the Court order Defendants to pay the relief he requested in his complaint. Plaintiff must submit evidence in support of the amount of damages claimed. See Fed. R. Civ. P. 55(b). Because Plaintiff has submitted no evidence in support of this demand, the Court must deny Plaintiff's request for entry of default judgment without prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for entry of default against defendants J. Wilbur, Siene, and Johnson, filed November 16, 2009, is GRANTED;

2. The Clerk of the Court shall enter default against defendants J. Wilbur, Siene, and Johnson; and

3. Plaintiff's request for entry of default judgment is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   November 30, 2009**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The language of subsection (A) appears to limit the 10-day requirement to situations in which the Court "denies the motion or postpones its disposition until trial." Fed. R. Civ. P. 12(a)(4)(A). This provision logically extends to situations in which a defendant's motion to dismiss is granted in part, as was the outcome here.

[2] Plaintiff may be referring to 18 U.S.C. § 401, which states that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority." The Court declines to exercise such power in this instance as it is unnecessary.