# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICKY W. JAMES,

    Plaintiff,

v.

J. WILBER, et al.,

    Defendants.

_____ /

CASE NO. 1:08-cv-00351DLB PC

ORDER GRANTING DEFENDANTS SAENZ, WILBER, AND JOHNSON'S MOTION TO SET ASIDE DEFAULT AND ALLOW LATE FILING OF ANSWER

(Doc. 51)

ORDER DISREGARDING AS MOOT MOTION FOR DEFAULT JUDGMENT

(Doc. 55)

**I. Background**

Plaintiff Ricky W. James ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 1, 2009, the Clerk's Office was directed to enter default against defendants Saenz, Wilber, and Johnson ("Defendants"). (Doc. 46.) Defendants moved to set aside the entry of default on December 3, 2009. (Doc. 51.) Plaintiff filed an opposition January 4, 2010. Defendants did not file a reply. The motion is deemed submitted pursuant to Local Rule 230(l).

Also pending before the Court is Plaintiff's motion for default judgment, filed January 4, 2010. (Doc. 55.)

**II. Motion to Set Aside Entry of Default**

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default . . ." Fed. R. Civ. P. 55(c). "The court's discretion is especially

1

broad where, as here, it is entry of default that is being set aside, rather than default judgment." O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). Default is generally disfavored. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'" Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

Defendants Saenz, Wilber, and Johnson argue that their failure to respond to the complaint was the result of confusion and/or mistake by defense counsel, that Defendants have a meritorious defense, and that Plaintiff will not be prejudiced by setting aside the entry of default and granting a brief extension to file an answer. Plaintiff argues in opposition that Defendants do not have a meritorious defense, defense counsel's error or confusion should not be accepted, and that Plaintiff has been prejudiced by the delay.

Defense counsel signed waivers of service for Defendants on May 4, 2009. (Docs. 24, 25, 26.) The waivers indicate that each defendants' answer or Rule 12 motion was due within sixty days after May 4, 2009. Id. Defendants filed a motion to dismiss in part on May 4, 2009. The Court granted the motion in part on October 14, 2009, which then gave Defendants ten days after the service of the Court's action in which to file a responsive pleading. See Fed. R. Civ. P. 12(a).

Defendants moved to set aside entry of default only two days after it was entered, and concurrently filed an answer to the amended complaint. Defendants failure to timely respond to the complaint after waiving service appears to be the result of error and confusion on defense counsel's part. Although Plaintiff contends that Defendants' error is not inadvertent, there is no evidence in the record from which the court may conclude that Defendants willfully and intentionally failed to

comply with the applicable rules.

Finally, resolution of an action on its merits is favored. Resolution by default is not. Plaintiff has demonstrated no actual prejudice and given that Defendants moved to set aside entry of default within two days after it was entered, the court can discern no prejudice to Plaintiff. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001) (neither simple delay in resolution of a case nor merely requiring the Plaintiff to litigate on the merits rather than allowing windfall by default constitutes prejudice).

Accordingly, based on the foregoing, Defendants Saenz, Wilber, and Johnson's motion to set aside entry of default, filed December 3, 2009, is HEREBY GRANTED, and Defendants are granted leave to file a late answer.

**III.    Motion for Default Judgment**

In light of Court's ruling to set aside the entry of default, Plaintiff's motion for default judgment is moot and HEREBY DISREGARDED.


IT IS SO ORDERED.

**Dated:   February 8, 2010**                      /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE