# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES, | CASE NO. 1:08-cv-00351-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT SAENZ (DOC. 59) |
| v. | |
| M. SAENZ, | |
| Defendant. | |

Plaintiff Ricky W. James ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeded against Defendants M. Saenz, J. Wilber, and Johnson for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On March 5, 2010, Defendants filed a motion for summary judgment. Doc. 59. On December 10, 2010, the Court granted Defendants' motion for summary judgment in full. Doc. 66. Judgment was entered for Defendants and against Plaintiff accordingly. On December 27, 2010, Plaintiff filed his appeal. Doc. 68.

On March 15, 2012, the United States Court of Appeals for the Ninth Circuit issued a memorandum, affirming in part the judgment as to Defendants Wilber and Johnson, and reversing in part the judgment as to Defendant M. Saenz. Doc. 70. On April 16, 2012, the Ninth Circuit issued its formal mandate. Doc. 74. The Court will now consider Defendant Saenz's argument regarding qualified immunity, which this Court declined to address.

Government officials enjoy qualified immunity from civil damages unless their conduct

1 violates "clearly established statutory or constitutional rights of which a reasonable person would
2 have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  In ruling upon the issue of
3 qualified immunity, one inquiry is whether, taken in the light most favorable to the party
4 asserting the injury, the facts alleged show the defendant's conduct violated a constitutional right.
5 *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct.
6 808, 813 (2009) ("*Saucier* procedure should not be regarded as an inflexible requirement").  The
7 other inquiry is whether the right was clearly established.  *Saucier*, 533 U.S. at 201.  The inquiry
8 "must be undertaken in light of the specific context of the case, not as a broad general
9 proposition . . . ." *Id.*  "[T]he right the official is alleged to have violated must have been 'clearly
10 established' in a more particularized, and hence more relevant, sense:  The contours of the right
11 must be sufficiently clear that a reasonable official would understand that what he is doing
12 violates that right." *Id.* at 202 (citation omitted).  In resolving these issues, the court must view
13 the evidence in the light most favorable to plaintiff and resolve all material factual disputes in
14 favor of plaintiff.  *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).  Qualified
15 immunity protects "all but the plainly incompetent or those who knowingly violate the law."
16 *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

17     Dental pain as alleged by Plaintiff is a serious medical need.  *Hunt v. Dental Dep't*, 865
18 F.2d 198, 200-01 (9th Cir. 1989).  The facts, when taken in the light most favorable to Plaintiff,
19 indicate that Defendant's conduct violated Plaintiff's Eighth Amendment rights.   This right is
20 clearly established.  *Id.*

21     Accordingly, the motion for summary judgment as to Defendant Saenz is denied in full.
22 This matter will be set for further proceedings.

23     IT IS SO ORDERED.

24     Dated:   **April 18, 2012**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE