IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES, | 1:08-cv-00351-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 84) |
| J. WILBER, et al., | |
| Defendants. | |

On August 9, 2012, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

1    In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, based on the record, the Court does not find that Plaintiff cannot adequately articulate his Eighth Amendment claim, which is not particularly complex.[1]

With respect to Plaintiff's contentions regarding law library access, the second scheduling order sets forth the deadlines applicable to Plaintiff, and upon presentation of that order to the appropriate staff member, Plaintiff should be entitled to some sort of minimal accommodation necessary to prepare for trial and to comply with the deadlines.[2]

Based on the foregoing, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   August 14, 2012**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] While Plaintiff would undoubtedly benefit from the appointment of counsel, that is not the criterion for appointment.

[2] Plaintiff is reminded that there is no constitutionally protected entitlement to litigate effectively once in court, however.  Lewis v. Casey, 518 U.S. 343, 354, 116 S.Ct. 2174 (1996).