# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES,<br><br>            Plaintiff,<br><br>    v.<br><br>J. WILBER, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-00351-SKO PC<br><br>ORDER DENYING MOTION FOR COURT ASSISTANCE AS PREMATURE AND DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 90) |

       Plaintiff Ricky W. James, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2008. On September 14, 2012, Plaintiff filed a third motion regarding access to the law library and he requests assistance from the Court. Plaintiff also seeks the appointment of counsel.

       The Court does not have jurisdiction over the issues of which Plaintiff complains, and the Court, on August 29, 2012, issued an order addressing these issues to the extent that it can under the law. E.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998); American Civil Liberties Union of Nevada v. Masto, 670 F.3d 1046, 1061-62 (9th Cir. 2012). No additional relief may be granted at this juncture, and based on the timing of Plaintiff's third motion, the Court finds that Plaintiff failed to allow Defendants' counsel and the Litigation Office at Kern Valley State Prison a reasonable amount of time within which to comply with the Court's request.[1]

---

[1] Plaintiff received the order in which the Court requested that Defendants' counsel contact the Litigation Office on August 30, 2012, and he filed his third motion for relief concerning the law library on September 9, 2012, fewer than two weeks later.

1    In addition, Plaintiff misrepresents the scope of the order. The Court at no time directed or
2 requested that there be no restrictions on Plaintiff's legal services. Rather, the Court requested that
3 litigation staff facilitate at least minimal accommodation to allow Plaintiff to prepare for trial, which
4 includes complying with the deadlines set forth in the second scheduling order.

5    Plaintiff does not have a constitutional right to the appointment of counsel in this action.
6 Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th
7 Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
8 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970;
9 Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the
10 Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate
11 his claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970
12 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is
13 dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks
14 omitted); Wilborn 789 F.2d at 1331.

15    In the present case, the Court does not find the required exceptional circumstances. Even if
16 it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
17 which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
18 similar cases almost daily. Further, the Court cannot make a determination that Plaintiff is likely to
19 succeed on the merits, and based on a review of the record in this case, the Court does not find that
20 Plaintiff cannot adequately articulate his claims. Id.

21    Accordingly, Plaintiff's motion for assistance from the Court is DENIED as premature, and
22 Plaintiff's motion for the appointment of counsel is DENIED.

25 IT IS SO ORDERED.

26 **Dated:   October 3, 2012**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE