# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. WILBER, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:08-cv-00351-SKO PC<br><br>ORDER FOLLOWING TELEPHONIC TRIAL CONFIRMATION HEARING, GRANTING IN PART AND DENYING IN PART MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES, AND CONTINUING MOTIONS IN LIMINE FILING DEADLINE TO DECEMBER 21, 2012<br><br>Motion in Limine Deadline:　12/21/2012<br>Opposition Deadline:　　　　01/02/2013<br>Motions in Limine Hearing:　01/09/2013, at 1:30 p.m. in Courtroom 7 (SKO) |

**I.     Order Following Telephonic Trial Confirmation Hearing**

This matter is set for jury trial on January 15, 2013, and the parties appeared by telephone on December 5, 2012, at 3:00 p.m. for the trial confirmation hearing. The following issues were addressed and resolved during the hearing.

**A.     Plaintiff's Motion for the Attendance of Incarcerated Witnesses**

On September 14, 2012, Plaintiff filed a timely motion for the attendance of inmate witnesses James Cardinel, Jimmy Reed, John Bengar, and David Reed. (Doc. 91, pp. 18-23.) Defendant opposed the motion on three grounds: (1) Plaintiff did not meet the specific requirements set forth in the second scheduling order, (2) the witnesses' proposed testimony is cumulative, and (3) the witnesses' testimony will not substantially further the resolution of the case and the benefit of their presence is outweighed by security risks and transportation costs.

1

1    For the following reasons, Plaintiff's motion is granted as to James Cardinel and Jimmy Reed
2    and denied as to John Bengar and David Reed, and the transportation writs have been issued.

### 1. Compliance with Second Scheduling Order Requirements

#### a) Inmates James Cardinel and Jimmy Reed

With respect to inmate witnesses James Cardinel and Jimmy Reed, Plaintiff submitted his own declaration and the witnesses' declarations. Both Cardinel and Reed attest that they are willing to testify voluntarily on Plaintiff's behalf.

Based on the declarations submitted and Plaintiff's additional representations during the hearing, inmates Cardinel and Reed saw and heard (1) Plaintiff ask Defendant Saenz for medical care and (2) Defendant Saenz's responses. This is sufficient to satisfy the Court that inmates Cardinel and Reed were ear and/or eye witnesses to relevant events, and Plaintiff is entitled to their presence at trial.

#### b) Inmates John Bengar and David Reed

The declarations submitted by Plaintiff with respect to inmates John Bengar and David Reed were sufficiently vague to necessitate further inquiry during the hearing, at which time Plaintiff conceded that they do not have firsthand knowledge of relevant events and Plaintiff stated his non-opposition to the denial of their attendance at trial.

### 2. Cumulative Testimony

District courts have broad discretion "to limit the number of witnesses on a particular point to avoid cumulative evidence," *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1071 (9th Cir. 2005), but they must not "sacrifice justice in the name of efficiency," *Navellier v. Sletten*, 262 F.3d 923, 941 (9th Cir. 2001). "As a general rule, evidence may not be excluded solely to avoid delay." *General Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995). Rather, "[u]nder Rule 403, the court should consider the probative value of the proffered evidence and balance it against the harm of delay." *General Signal Corp.*, 66 F.3d at 1509-10.

The presence at trial of two inmate witnesses who saw and/or heard relevant events on different dates, as Plaintiff represents they did, does not present any legitimate ground for a limiting order based on cumulative testimony.

### 3. Wiggins Factors

Finally, when determining whether to issue a writ of habeas corpus ad testificandum, the Court must consider the following factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983) (citation omitted).

#### a) Substantial Furtherance of Case Resolution

Here, testimony regarding what the inmates saw or heard relating to Plaintiff's requests for medical care and Defendant Saenz's responses is relevant and it goes to the heart of Plaintiff's legal claim: whether Defendant knowingly disregarded an excessive risk of harm to Plaintiff's health. As such, the witnesses' testimony will substantially further resolution of this case.

#### b) Security Risks

There is no evidence in the record that the presence of these inmates creates any particular security risk. Some risk is arguably present by virtue of the fact that the witnesses are convicted felons in state custody, but no heightened security concerns have been shown.

#### c) Expense

Inmates James Cardinel and Jimmy Reed are housed at Kern Valley State Prison in Delano and the expense of transporting them to the nearby federal courthouse in Fresno is minimal.

#### d) Stay of Suit Until Prisoner's Release

Finally, Plaintiff is serving a sentence of thirty years to life and the record is devoid of any evidence regarding the length of the sentences being served by his witnesses. Therefore, the Court cannot make a finding that suit can be stayed without prejudice pending the release of one or more inmates.

### B. Authentication of Prison Records via Declaration

In her pretrial statement, Defendant offered to stipulate to using declarations from the custodians of record for authentication purposes. As discussed during the hearing, the stipulation extends to Plaintiff's exhibits which are official prison records, and it was approved by the Court.

####    C.    Defendant's Objection to Pretrial Order

On November 30, 2012, Defendant filed an objection to the pretrial order on the ground that she cannot draft effective motions in limine without first seeing Plaintiff's exhibits, and she requests that the parties be required to exchange exhibits by December 10, 2012.[1]

Plaintiff stated that he has his exhibits in his possession, but he has been unable to access the law library in order to make photocopies.  As discussed during the hearing, the motions in limine filing deadline was extended from December 19, 2012, to December 21, 2012.  Further, by separate order, the Court has requested that the Litigation Coordinator for Kern Valley State Prison assist in facilitating Plaintiff's ability to photocopy his exhibits.

####    D.    Availability of Defense Witnesses to Plaintiff

The Court informed Plaintiff that because he did not submit money orders to secure the issuance of subpoenas ad testificandum requiring the presence of any non-incarcerated witnesses who refuse to testify voluntarily, he may not do so now, as the deadline was November 15, 2012. However, witnesses listed in the pretrial order who show up voluntarily may testify; and pursuant to the pretrial order, all defense witnesses who are going to testify must be present by 9:30 a.m. on January 15, 2013, and available for Plaintiff to call on direct.

####    E.    Motions in Limine Hearing Time

Finally, to accommodate the shift change at the prison, Defendant's request to change the motions in limine hearing time was granted and the hearing was changed from 3:00 p.m. to 1:30 p.m. on January 9, 2013.

### II.    Order

Based on the foregoing and as discussed at the telephonic trial confirmation hearing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of incarcerated witnesses is GRANTED as to inmates James Cardinel and Jimmy Reed and DENIED as to inmates John Bengar and David Reed;

---

[1] Although the pretrial order was served on Plaintiff by mail on November 26, 2012, he has not yet received it.  In an abundance of caution, the pretrial order was re-served on Plaintiff on December 5, 2012,

2. The custodians of records do not need to appear in person at trial and they may authenticate prison records by declaration, and this stipulation applies to both parties' exhibits which are official prison records;

3. Defendant's objection to the pretrial order is sustained in as much as (1) the motions in limine filing deadline is extended to December 21, 2012, and (2) by separate order, the Court requested the assistance of the Litigation Coordinator for Kern Valley State Prison in obtaining photocopies of Plaintiff's exhibits; and

4. The motions in limine hearing time was changed from 3:00 p.m. to 1:30 p.m. on January 9, 2013.

IT IS SO ORDERED.

**Dated:   December 6, 2012**                         **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE