# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES, | CASE NO. 1:08-cv-00351-SKO PC |
| Plaintiff, | ORDER OVERRULING IN PART AND DENYING IN PART PLAINTIFF'S OBJECTIONS TO PRETRIAL ORDER |
| v. | |
| J. WILBER, et al., | (Doc. 107) |
| Defendants. | |

**Order Overruling in Part and Denying in Part Objections**

**I.     Objections**

Plaintiff Ricky W. James, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2008. This matter is set for jury trial on January 15, 2013, on Plaintiff's Eighth Amendment claim against Defendant Saenz for acting with deliberate indifference to Plaintiff's serious dental needs. On December 17, 2012, Plaintiff filed an Objection to the Pretrial Order. For the reasons set forth below, Plaintiff's objections are overruled in part and denied in part.

**A.     Qualified Immunity**

Plaintiff objects to the inclusion of the qualified immunity legal standard in the Points of Law section. The inclusion of the qualified immunity standard does not mean that Defendant will necessarily raise the argument at trial nor does it mean that the Court will find it meritorious, should it be raised. It is simply a legal issue which may possibly be raised and its inclusion in the Points of Law section is proper. Local Rule 281(b)(8). The previous finding that Defendant was not

entitled to qualified immunity at the summary judgment stage does not preclude the issue from being raised again at trial, depending on what evidence is presented and/or what factual findings are made. Norwood v. Vance, 591 F.3d 1062, 1076 (9th Cir. 2010). Therefore, Plaintiff's objection is overruled.

### B. Bifurcation of Punitive Damages Phase

Plaintiff objects to the bifurcation of the punitive damages phase. District courts have broad discretion to bifurcate trials, Fed. R. Civ. P. 42(b); Hangarter v. Provident Life and Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004); Henderson v. Peterson, No. C 07-2838 SBA (PR), 2011 WL 2838169, at *15-16 (N.D.Cal. Jul. 15, 2011); Engman v. City of Ontario, No. EDCV 10-284 CAS (PLAx), 2011 WL 2463178, at *7 (C.D.Cal. Jun. 20, 2011), and the general practice of the Court is to bifurcate the punitive damages phase in actions such as this. Plaintiff has not identified any grounds which persuade the Court to deviate from this practice and his objection is overruled.

### C. Impeachment Evidence

Plaintiff argues that if his credibility is to be placed at issue due to his felony conviction, he should be allowed to introduce 4,000 inmate appeals. Plaintiff's citation to Federal Rule of Evidence 404(a)(2)(B) is misplaced, as that section provides for an exception to the general prohibition against character evidence in criminal cases. This is not a criminal action.

The Federal Rules of Evidence specifically provide for impeachment of a witness by evidence of a criminal conviction. Fed. R. Evid. 609. While Plaintiff may also seek to impeach the Defendant, he must do so in compliance with the Federal Rules of Evidence and he is limited to using those exhibits which he previously identified in his pretrial statement. Fed. R. Evid. 608. Accordingly, Plaintiff's request for permission to introduce evidence regarding 4,000 inmate appeals is denied.

### D. Appointment of Expert Witness

Plaintiff again seeks the appointment of an impartial expert witness. The Court previously considered and denied the appointment in the Pretrial Order. There are no grounds set forth which entitle Plaintiff to reconsideration of the ruling and his motion is denied. Fed. R. Civ. P. 60(b);
///

Local Rule 230(j); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

### E.  Protective Order

Plaintiff seeks a protective order pertaining to his personal information and the appointment of an attorney to represent his interests during an in camera review. While there exists a privacy right in one's confidential medical records, the right is not absolute and because Plaintiff put his medical condition directly at issue in this action, he may not claim that his relevant medical records should be shielded from disclosure.[1]  E.g., Young v. CDCR, No. 1:12-mc-00019 GSA, 2012 WL 1999864, at *3 (E.D.Cal. Jun. 4, 2012); Heilman v. Vojkufka, No. CIV-S-08-2788 KJM EFB P, 2011 WL 677877, at *2 (E.D.Cal. 2011), adopted in full, 2011 WL 3881023 (E.D.Cal. Sept. 2, 2011); Kent v. Cummings, No. CV-09-1616-PHX-JWS (LOA), 2010 WL 2643538, at *5-6 (D.Ariz. 2010); Frye v. Ayers, CIV S-99-0628 LKK KJM, No. 2009 WL 1312924, at *2 (E.D.Cal. 2009); Sedaghatpour v. State of California, No. C 07-1802 WHA (MEJ), 2007 WL 4259214, *1 (N.D. Cal. 2007); Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309485, *6 (E.D. Cal. 2007); Hutton v. City of Martinez, 219 F.R.D. 164, 166-67 (N.D.Cal. 2003); Soto v. City of Concord, 162 F.R.D. 603, 618 (N.D.Cal. 1995). Accordingly, Plaintiff's motion for a protective order is denied.

### F.  Rejection of Settlement Offer

Finally, Plaintiff asserts that when he attempted to make a settlement offer, defense counsel left the room and refused to negotiate. Plaintiff contends that this incident should be presented to the jury, be made a matter of record, or be subject to an award of punitive damages. Plaintiff's contention is wholly without merit.

Defense counsel is not required to engage in settlement negotiations with Plaintiff and his response to Plaintiff's attempt to do so is entirely irrelevant to the upcoming trial proceedings. See Local Rule 240(c)(8) (exempting prisoner actions from Fed. R. Civ. P. 16 mandatory scheduling order requirements).

///

---

[1] The Court presumes it is Plaintiff's medical records which are at issue, although Plaintiff does not specify.

**II.     Order**

Based on the foregoing, Plaintiff's objections to the Pretrial Order are OVERRULED in part and DENIED in part.

IT IS SO ORDERED.

**Dated:     December 18, 2012**                    /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE