# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY W. JAMES,<br><br>          Plaintiff,<br><br>     v.<br><br>J. WILBER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:08-cv-00351-SKO PC<br><br>ORDER VACATING JURY TRIAL AND REQUIRING PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>THIRTY-DAY RESPONSE DEADLINE |

Plaintiff Ricky W. James, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 12, 2008. This action for damages is proceeding on Plaintiff's Eighth Amendment claim against Defendant Saenz arising out of the denial of medical care at California State Prison-Corcoran in June and July 2006. This matter is set for jury trial on January 15, 2013, at 8:30 a.m.

The Court has reviewed Defendant's motions in limine and Plaintiff's opposition. In relevant part, Defendant moves to exclude the testimony of inmate witnesses James Cardinel and Jimmy Reed and to vacate their writs of habeas corpus ad testificandum on the ground that the inmates could not have been ear or eye witnesses to relevant events. In his opposition, Plaintiff addresses all of Defendant's motions in limine except for the motion to exclude the inmate witnesses' testimony and vacate their transportation writs.

In seeking the attendance of inmates Cardinel and Reed at trial, Plaintiff submitted his own declaration and the witnesses' declarations in which they attested that they are willing to testify voluntarily on Plaintiff's behalf. During the telephonic trial confirmation hearing held on December 5, 2012, the Court questioned Plaintiff regarding what inmate Cardinel and Reed saw or heard.

Based on the declarations submitted and Plaintiff's additional representations during the hearing, the Court found that inmates Cardinel and Reed saw and heard (1) Plaintiff ask Defendant Saenz for medical care and (2) Defendant Saenz's responses, and the Court granted Plaintiff's motion for their attendance at trial.

Subsequently, Defendant submitted evidence that inmate Cardinel was not incarcerated at California State Prison-Corcoran in 2006.

With respect to inmate Reed, Plaintiff represented during the hearing that inmate Reed was in a nearby exercise cage during yard time, and he saw and heard an interaction between Plaintiff and Defendant regarding medical care. Defendant thereafter submitted evidence that inmate Reed did not share yard time with Plaintiff during the relevant time period in 2006.[1]

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercise with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith, Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001), and the extreme sanction of "dismissal is warranted where . . . a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings," Anheuser-Busch, Inc. v. Natural Beverages Distributors, 69 F.3d 337, 348 (9th Cir. 1995) (citation omitted); Leon v. IDX Systems, Corp., 464 F.3d 951, 958 (9th Cir. 2006).

Defendant has submitted evidence which indicates that Plaintiff and inmate witnesses Cardinel and Reed falsely stated that inmates Cardinel and Reed were present for and witnessed relevant interactions between Plaintiff and Defendant in June and/or July 2006; Plaintiff did not respond in his opposition. Accordingly, it is HEREBY ORDERED that:

---

[1] Inmate Reed's movement history has been filed under seal, but Plaintiff has been placed on notice of Defendant's position that the movement history demonstrates that Plaintiff and inmate Reed were not on the yard at the same time during the relevant events in June and July 2006.

2

1. Jury trial set for January 15, 2013, is VACATED;

2. Plaintiff has **thirty (30) days** from the date of service of this order to show cause why sanctions, which may include dismissal of this action, should not be imposed against him;

3. Defendant has **fifteen (15) days** from the date of service of Plaintiff's response to file a reply;

4. There shall be no further briefing beyond the response and the reply unless otherwise ordered; and

5. Following receipt of the response and reply, the Court will determine whether a hearing on the order to show cause, which may include an evidentiary hearing, is necessary.

IT IS SO ORDERED.

**Dated:   January 9, 2013**           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE